UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 21-10258 |
|  | ) |  |
|  | ) | Violations: |
| v. | ) |  |
|  | ) | Count One: Conspiracy to Distribute, and to |
| NICOLE BENTON, | ) | Possess with Intent to Distribute 40 Grams or |
|  | ) | More of Fentanyl, Methamphetamine, |
|  | ) | Cocaine, Cocaine Base, and Other |
| Defendant | ) | Controlled Substances |
|  | ) | (21 U.S.C. § 846) |
|  | ) |  |
|  | ) | Count Two: Possession of a Firearm in |
|  | ) | Furtherance of a Drug Trafficking Crime |
|  | ) | (18 U.S.C. § 924(c)(1)) |
|  | ) |  |
|  | ) | Drug Forfeiture Allegation: |
|  | ) | (21 U.S.C. § 853) |
|  | ) |  |
|  | ) | Firearm Forfeiture Allegation: |
|  | ) | (18 U.S.C. § 924(d); 28 U.S.C. § 2461(c) |

INFORMATION

COUNT ONE
Conspiracy to Distribute, and to Possess with Intent to Distribute
40 Grams or More of Fentanyl, Methamphetamine, Cocaine, Cocaine Base, and Other
Controlled Substances
(21 U.S.C. § 846)

The United States Attorney charges:

Between on or about January 1, 2020 and June 30, 2021, in Boston, Lynn, Malden, Revere, Salem, and Saugus, in the District of Massachusetts, the District of New Hampshire, and elsewhere, the defendant,

NICOLE BENTON,

conspired with other persons known and unknown to the United States Attorney, to knowingly and intentionally distribute, and possess with intent to distribute a mixture and substance containing a

detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propenamide, also known as fentanyl, a Schedule II controlled substance, a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of isomers, a Schedule II controlled substance, and other controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propenamide, also known as fentanyl, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(vi), is applicable to this Count.

It is further alleged that, with respect to Count One, 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propenamide, also known as fentanyl, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, NICOLE BENTON.  Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(vi) is applicable to defendant NICOLE BENTON.

All in violation of Title 21, United States Code, Section 846.

<u>COUNT TWO</u>
Possession of a Firearm in Furtherance of a Drug Trafficking Crime
(18 U.S.C. § 924(c)(1)(A)(i))

The United States Attorney further charges:

On or about June 30, 2021, in Saugus, in the District of Massachusetts, and elsewhere, the defendant,

NICOLE BENTON,

did knowingly possess a firearm, to wit: a Ruger .380 Auto, bearing serial number 371395576, in furtherance of a drug trafficking crime for which she may be prosecuted in a court of the United States, to wit: conspiracy to distribute and possess with intent to distribute 40 grams or more of fentanyl, a Schedule II controlled substance, and other controlled substances, in violation of Title 21, United States Code, Section 846, as set forth in Count One of this Information.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

<u>DRUG FORFEITURE ALLEGATION</u>
(21 U.S.C. § 853)

The United States Attorney further alleges:

1. Upon conviction of the offense in violation of Title 21, United States Code, Section 846, set forth in Count One, the defendant,

NICOLE BENTON,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The property to be forfeited includes, but is not limited to, the following:

   a. Miscellaneous Jewelry seized from Defendant on June 30, 2021, including a necklace with chain, and a Rolex Watch DJ41, serial number 2603970; and

   b. $6,000 in United States currency seized from Defendant on June 30, 2021.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## FIREARM FORFEITURE ALLEGATION

(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

1. Upon conviction of the offense in violation of Title 18, United States Code, Sections 924(c), set forth in Count Two, the defendant,

NICOLE BENTON

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense. The property to be forfeited includes, but is not limited to, the following:

    a. Ruger .380 Auto firearm, bearing serial number 371395576; and

    b. 8 rounds of ammunition.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

                                        NATHANIEL R. MENDELL
                                        Acting United States Attorney

By:   *Philip A. Mallard*
        PHILIP A. MALLARD
        SARAH B. HOEFLE
        Assistant United States Attorneys

Date:  SEPTEMBER 7, 2021

6